**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

SEP 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO GUTIERREZ, AKA Arturo Ramirez,<br><br>    Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 11-71788<br><br>Agency No. A095-733-635<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 8, 2013
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

  Armando "Lupita" Gutierrez appeals from the denial of her request for

withholding of removal under the Convention Against Torture ("CAT"). The

Board of Immigration Appeals ("BIA") determined that Ms. Gutierrez had failed to

show that it is more likely than not that she will be tortured as a transgender

---

   [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

woman if she is returned to Mexico and lives in a large city.[1]  We conclude this determination is supported by substantial evidence such that a contrary conclusion is not compelled.[2]  *See* 8 U.S.C. § 1252(b)(4)(B).

Ms. Gutierrez bears the burden of proving her eligibility for relief under CAT, and that the BIA's conclusion is not supported by reasonable, substantial and probative evidence.  *See* 8 U.S.C. §§ 1229a(c)(4), 1252(b)(4)(B); *see also Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) ("To qualify for withholding of removal, an alien must demonstrate that 'it is more likely than not that he would be subject to persecution on one of the specified grounds.'") (quoting *INS v. Stevic*, 467 U.S. 407, 429-30 (1984)).

Torture is defined as "an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture."  8 C.F.R. § 1208.18(a)(2).  Moreover, the petitioner must show that torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an

---

[1]  In a separate opinion filed concurrently with this memorandum disposition we hold that the Department of Homeland Security ("DHS") properly filed a Notice to Appear while Ms. Gutierrez was subject to a withholding of removal order.

[2]  Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

official capacity." 8 C.F.R. § 1208.18(a)(1). Past torture, although a prime factor in evaluating the likelihood of future torture, does not create a presumption of future torture. *Mohammed v. Gonzales*, 400 F.3d 785, 802 (9th Cir. 2005); *see also* 8 C.F.R. § 1208.16(c)(3).

We review the denial of relief under CAT for substantial evidence and may only grant relief if the evidence compels a contrary conclusion. *See* 8 U.S.C. § 1252(b)(4)(B) ("the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *see also Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc) ("Even if we might have reached a conclusion different from that reached by the BIA, we may not reverse unless we determine that any reasonable factfinder would have been compelled to reach that conclusion.").

Ms. Gutierrez's testimony shows that she was tortured by the police in her home town of Jerez before she moved to Zacatecas in 1993. Her testimony is also reasonably understood not to allege any incidents of torture by the police or others between 1993 and 1999, when petitioner lived in Zacatecas and later Guadalajara. In addition, the evidence presented by both Ms. Gutierrez and Department of Human Services shows that Mexico has made strides toward protecting the civil rights of gay, lesbian, and transgender persons. The BIA reasonably determined

3

that Ms. Gutierrez likely will not suffer torture if she is returned to a larger city in Mexico, even though the culture may remain highly repressive in its attitude toward gay, lesbian, transgender, and HIV-positive persons.

We conclude that the BIA's determination that Ms. Gutierrez is not likely to be tortured if returned to Mexico is supported by substantial evidence. Accordingly, the petition for review is **DENIED**.